AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Virginia

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>DIGITAL FORENSIC FILES ASSOCIATED WITH<br>IPHONE 5 (#F2NJQ55RDT) AND IPHONE 6<br>(#FK1QLB5PGRYD) IN CUSTODY OF FBI IN EDVA | )<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. 1:18-SW- 181

**UNDER SEAL**

APR – 3 2018

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the _____Eastern_____ District of _____Virginia_____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 2252 and 2252A | Distribution, transportation, receipt, access with intent to view, or possession of child pornography |

The application is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Special Agent Ted P. Delacourt , FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 4/3/18

_____/s/_____
Michael S. Nachmanoff
United States Magistrate Judge
*Judge's signature*

City and state: Alexandria, Virginia

The Hon. Michael S. Nachmanoff, U.S. Magistrate Judge
*Printed name and title*



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

IN RE SEARCH OF:

DIGITAL FORENSIC FILES ASSOCIATED
WITH IPHONE 5 (#F2NJQ55RDT) AND
IPHONE 6 (#FK1QLB5PGRYD) IN
CUSTODY OF FBI IN EDVA

Case No. 1:18-SW- 181

**UNDER SEAL**

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR A SEARCH WARRANT

I, Ted P. Delacourt, a Special Agent with the Federal Bureau of Investigation (FBI),

Washington Field Division, Washington, D.C., being duly sworn, depose and state as follows:

### INTRODUCTION

1.      Your Affiant has been employed by the FBI since September of 2004, and as a

Special Agent since September 2005.  Since 2005, I have received training and experience in

interviewing and interrogation techniques, and arrest and search procedures.  I was assigned as a

Special Agent in the Jacksonville Division in January 2006, where I worked counterterrorism

and intelligence-gathering operations for approximately three years.  I was assigned to the

Washington Field Office in May 2009 and charged with investigating international corruption,

specifically violations of the Foreign Corrupt Practices Act (FCPA), as well as antitrust

violations.  In January 2009, I was promoted to Supervisory Special Agent and assigned to the

Counterterrorism Division of FBI Headquarters, specifically to the National Joint Terrorism Task

Force.  In August 2012, I transferred within the Counterterrorism Division to the International

Operations Section I, Continental US Unit V, where I program managed International Terrorism

1

investigations in the Phoenix Division. I am currently assigned to the Washington Field Office, Northern Virginia Resident Agency, Child Exploitation Task Force. Since joining the FBI, I have investigated violations of federal law. As a federal agent, I am authorized to investigate violation of laws of the United States and as a law enforcement officer I am authorized to execute warrants issued under the authority of the United States. Since September 2014, I have been assigned to investigate violations of law concerning the sexual exploitation of children, including child pornography and child sex trafficking. I have gained experience through both formal and on-the-job training in conducting these types of investigations.

2.     I am familiar with the information contained in this Affidavit based upon the investigation I have conducted, which included conversations with law enforcement officers and others and review of reports and database records.

3.     I make this affidavit in support of an application for a search warrant for the digital forensic files derived from the Apple iPhone 5 with serial number F2NJQ55RDTTN and Apple iPhone 6 with serial number FK1QLB5PGRYD seized by the FBI from GEORGE AREF NADER (NADER) on January 17, 2018 pursuant to a Search Warrant 1:18-SW-30 sworn out in the United States District Court for the Eastern District of Virginia signed by U.S. Magistrate Judge Ivan D. Davis on January 16, 2018 (SUBJECT FILES). The SUBJECT FILES are contained on Western Digital hard drive Model WD1600AAJS with S/N: WCAYUK289060 marked "HQQ000437" currently within the custody of the Federal Bureau of Investigation at its Northern Virginia Resident Agency, 9325 Discovery Boulevard, Manassas, Virginia 20109.

4.     Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that certain violations of 18 U.S.C. §§ 2252 and 2252A have

2

been committed by someone utilizing the iPhone 5 and iPhone 6 from which the SUBJECT

FILES were derived.  As set forth more fully below, the FBI has reason to believe that the person

in question was GEORGE AREF NADER of Washington, DC.

5.     The statements in this affidavit are based upon information that I obtained during

this investigation, either through direct observation, review of evidence or records, or

communications with witnesses or fellow law enforcement personnel.  Because this affidavit is

being submitted for the limited purpose of securing a search warrant, I have not included each

and every fact known to me concerning this investigation.  I have set forth only the facts that I

believe are necessary to establish probable cause to believe that the SUBJECT FILES constitute

or contain contraband and evidence, fruits, and instrumentalities of violations of 18 U.S.C.

§§ 2252(a)(1) and (b)(1) (transportation of visual depictions of minors engaged in sexually

explicit conduct); 2252(a)(2) and (b)(1) (receipt and distribution of visual depictions of minors

engaged in sexually explicit conduct); 2252(a)(4)(B) and (b)(2) (possession of and access with

intent to view a visual depiction of a minor engaged in sexually explicit conduct); 2252A(a)(1)

and (b)(1) (transportation of child pornography); 2252A(a)(2)(A) and (b)(1) (distribution and

receipt of child pornography); and 2252A(a)(5)(B) and (b)(2) (possession of and access with

intent to view child pornography).

## STATUTORY AUTHORITY

6.     Title 18, United States Code, Section 2252(a)(1) and (b)(1) prohibits the knowing

transportation or shipment of any visual depiction of minors engaging in sexually explicit

conduct using any means or facility of interstate or foreign commerce or in or affecting interstate

commerce by any means, including by computer.

3

7.      Title 18, United States Code, Section 2252(a)(2) and (b)(1) prohibits the knowing receipt or distribution of any visual depiction of minors engaging in sexually explicit conduct that has been mailed or shipped or transported in or affecting interstate or foreign commerce, by any means, including by computer.

8.      Title 18, United States Code, Section 2252(a)(4)(B) and (b)(2) prohibits the possession of one or more books, magazines, periodicals, films, or other materials which contain any visual depictions of minors engaged in sexually explicit conduct that have been transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or that were produced using materials that had traveled in interstate or foreign commerce, by any means, including by computer.

9.      Title 18, United States Code, Section 2252A(a)(1) and (b)(1) prohibits the knowing mailing, or transportation or shipment using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, of any child pornography.

10.     Title 18, United States Code, Section 2252A(a)(2) and (b)(1) prohibits the knowing receipt or distribution of any child pornography that has been mailed or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer.

11.     Title 18, United States Code, Section 2252A(a)(5)(B) and (b)(2) prohibits the knowing possession of any book, magazine, periodical, film, videotape, computer disk, or other material that contains an image of child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting

4

interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer.

## DEFINITIONS

12.     The following definitions apply to this Affidavit and its Attachments:

a.      "Chat," as used herein, refers to any kind of text communication over the Internet that is transmitted in real-time from sender to receiver. Chat messages are generally short in order to enable other participants to respond quickly and in a format that resembles an oral conversation. This feature distinguishes chatting from other text-based online communications such as Internet forums and email.

b.      "Child erotica," as used herein, means materials or items that are sexually arousing to persons having a sexual interest in minors but that are not necessarily obscene or do not necessarily depict minors in sexually explicit poses or positions.

c.      "Child pornography," as defined in 18 U.S.C. § 2256(8), is any visual depiction of sexually explicit conduct where (a) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct, (b) the visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaged in sexually explicit conduct, or (c) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct.

d.      "Computer," as used herein, refers to "an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical or storage

5

functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device" and includes smartphones, and mobile phones and devices. *See* 18 U.S.C. § 1030(e)(1).

e.      "Internet Protocol address" or "IP address," as used herein, refers to a unique number used by a computer or other digital device to access the Internet. IP addresses can be "dynamic," meaning that the ISP assigns a different unique number to a computer every time it accesses the Internet. IP addresses might also be "static," if an ISP assigns a user's computer a particular IP address that is used each time the computer accesses the Internet.

f.      "Internet Service Providers" (ISPs), as used herein, are commercial organizations that are in business to provide individuals and businesses access to the Internet. ISPs provide a range of functions for their customers including access to the Internet, web hosting, e-mail, remote storage, and co-location of computers and other communications equipment.

g.      "Minor," as defined in 18 U.S.C. § 2256(1), refers to any person under the age of eighteen years.

h.      "Records," "documents," and "materials," as used herein, include all information recorded in any form, visual or aural, and by any means, whether in handmade, photographic, mechanical, electrical, electronic, or magnetic form.

i.      "Sexually explicit conduct," as defined in 18 U.S.C. § 2256(2), means actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (b) bestiality;

6

(c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic area of any person.

      j.     "Visual depiction," as defined in 18 U.S.C. § 2256(5), includes undeveloped film and videotape, data stored on computer disc or other electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

## BACKGROUND ON CHILD PORNOGRAPHY, COMPUTERS, THE INTERNET, AND EMAIL

13.    I have had training in the investigation of computer-related crimes and I have consulted more senior law enforcement agents on this matter.  Based on my training, experience, and knowledge, I know the following:

      a.     Computers and digital technology have dramatically changed the way in which individuals interested in child pornography interact with each other.  Computers basically serve four functions in connection with child pornography:  production, communication, distribution, and storage.

      b.     Child pornographers can now transfer printed photographs into a computer-readable format with a device known as a scanner.  Furthermore, with the advent of digital cameras and smartphones with cameras, when the photograph is taken it is saved as a digital file that can be directly transferred to a computer by simply connecting the camera or smartphone to the computer.  In the last ten years, the resolution of pictures taken by digital cameras and smartphones has increased

7

dramatically, meaning that such pictures have become sharper and crisper. Photos taken on a digital camera or smartphone may be stored on a removable memory card in the camera or smartphone. These memory cards often store up to 32 gigabytes of data, which provides enough space to store thousands of high-resolution photographs. Video camcorders, which once recorded video onto tapes or mini-CDs, now can save video footage in a digital format directly to a hard drive in the camera. The video files can be easily transferred from the camcorder to a computer.

      c.      A device known as a modem allows any computer to connect to another computer through the use of telephone, cable, or wireless connection. Electronic contact can be made to literally millions of computers around the world. The ability to produce child pornography easily, reproduce it inexpensively, and market it anonymously (through electronic communications) has drastically changed the method of distribution and receipt of child pornography. Child pornography can be transferred via electronic mail or through file transfer protocols (FTPs) to anyone with access to a computer and modem. Because of the proliferation of commercial services that provide electronic mail service, chat services (*i.e.*, "instant messaging"), cloud storage, and easy access to the Internet, the computer is a preferred method of distribution and receipt of child pornographic materials.

      d.      The Internet affords individuals numerous venues for obtaining, viewing, and trading child pornography in a relatively secure and anonymous fashion.

      e.      Individuals also use online resources to trade, distribute, store, and retrieve child pornography, including services offered by Internet Portals such as Yahoo! and

Hotmail, among others. The online services allow a user to set up an account with a

remote computing service that provides e-mail services as well as electronic storage of

computer files in any variety of formats. A user can set up an online storage account

from any computer with access to the Internet.

## BACKGROUND OF THE INVESTIGATION

14.    GEORGE AREF NADER (NADER) is a citizen of the United States and

Lebanon. NADER was born in Beirut, Lebanon in 1959. On February 27, 1991, NADER was

indicted in the Eastern District of Virginia for violations of smuggling child pornography, Title

18 U.S.C. § 2252(a)(1), by a federal grand jury. The indictment resulted from a seizure of child

pornography at the Washington-Dulles International Airport on July 26, 1990 of two reels of

video tape concealed in candy tins. On May 6, 1991, NADER pled guilty to one count of §

2252(a)(1).

15.    On January 16, 2018, Search Warrant 1:18-SW-30 was sworn out in the United

States District Court for the Eastern District of Virginia and signed by U.S. Magistrate Judge

Ivan D. Davis. The search warrant pertained to a matter unrelated to child pornography or

NADER's history with child pornography. The attachments to the search warrant specified the

items to be searched as "the person of George Nader" and "Any baggage associated with George

Nader…including but not limited to any check baggage associated with George Nader on flight

EF 231 as well as any carry-on baggage, including but not limited to any briefcase, satchel, or

duffel bag." The items to be sized included "Any electronic devices capable of storing,

transmitting, or receiving information, including but not limited to: Cellular telephone, Tablet,

Laptop…"

9

16.     On January 17, 2018, NADER departed Dubai, United Arab Emirates on a direct flight aboard Emirates Airlines Flight 231and arrived the same day at Washington-Dulles International Airport, Dulles, Virginia, United States of America. Washington-Dulles International Airport is located in the Eastern District of Virginia.

17.     Upon arrival at Washington-Dulles International Airport, NADER declared to an agent from the United States Customs and Border Protection he was in possession of three iPhones. NADER was later voluntarily interviewed by FBI agents regarding a matter unrelated to child pornography or NADER's history with child pornography. At the conclusion of the interview, NADER was informed of the existence of the search warrant issued by this Court (1:18-SW-30) and the three iPhones were subsequently seized. The iPhones were later specifically identified as:

(a) iPhone 5 with serial number F2NJQ55RDTTN

(b) iPhone 6 with serial number FK1QLB5PGRYD

(c) iPhone 7 with serial number F2LSD2XFHFY4

18.     On January 17, 2018, Search Warrant 1:18-sc-00114 was sworn out in the United States District Court for the District of Columbia and signed by Chief U.S. District Court Judge Beryl A. Howell. The attachments to the search warrant specified the property to be searched as "iPhone 5 with serial number F2NJQ55RDTTN, iPhone 6 with serial number FK1QLB5PGRYD, iPhone 6+ with serial number F2LSD2XFHFY4."

19.     On January 18, 2018, an order was filed with the United States District Court for the District of Columbia to correct the identification of the iPhone with serial number F2LSD2XFHFY4 to properly reflect it as an iPhone 7.

20.     The three iPhones were then forensically processed by the FBI pursuant to the search warrant for a matter not involving child pornography or NADER's history with child pornography. At the completion of the forensic processing, the digital forensic files derived from iPhone 7 with serial number F2LSD2XFHFY4 ("IPHONE 7 FILES") were made available to the case agent in that other matter for review using a forensic software package specifically designed to allow investigators to review material without risk of changing or altering the evidence.

21.     On February 12, 2018, the case agent for that other matter conducted an initial review of the IPHONE 7 FILES for evidence unrelated to child pornography or NADER's history with child pornography. During that review, the case agent in that other matter uncovered multiple files which appeared to contain child pornography. As the case agent had not previously investigated child pornography matters, he requested another FBI agent with training and experience in child pornography matters review the questioned files and offer an opinion regarding their potential as contraband child pornography. The second agent indicated that it would be appropriate for a FBI squad specializing in child pornography investigations to review the suspect images. The case agent in the other matter provided the following descriptions of three suspect videos that were observed amongst the IPHONE 7 FILES:

> (a) Video #1: The video starts with two adult females and then cuts to a prepubescent child, approximately 7 years old, who is wearing a thawb (an ankle-length Arab garment, usually with long sleeves, similar to a robe, kaftan or tunic.) The child lifts up the thawb exposing his penis. The child then grabs his penis and shakes it. This activity is approximately two seconds in length. The child is laughing as he does this and then drops the thawb over his

11

privates. The video then cuts to an older male. The video has Arabic

conversation from the adult females, child, and adult male.

(b) Video #2: The video starts with a young child, approximately three years old,

sitting on the floor with a small mechanical toy bunny that appears to

knobbing up and down up against the child's penis. An adult removes the toy

and exposes the child's penis. The video is approximately four seconds in

length.

(c) Video #3: The video contains an infant and a young female, aged

approximately 3 years old. The young female attempts to emulate breast

feeding with the infant. This video is approximately eighteen seconds in

length.

22.     The case agent for the unrelated matter reported the three videos appeared to be

contained within the Whatsapp messenger application on NADER's iPhone 7. Video #1 appeared

to have been sent to the iPhone 7 by another person. Video #2 and Video #3 appeared to have

been received on the iPhone 7.

23.     On March 05, 2018, the IPHONE 7 FILES were saved to a Seagate Hard Drive

Model ST3750640AS with serial Number 5QD502SH.  On March 16, 2018, Search Warrant

1:18-SW-154 was sworn out in the United States District Court for the Eastern District of

Virginia and signed by US Magistrate Judge John F. Anderson. The attachments to the search

warrant specified the property to be searched as "digital forensic files derived from the iPhone 7

with serial number F2LSD2XFHFY4 seized from George Aref Nader on January 17, 2018

currently located on a Seagate Hard Drive Model ST3750640AS with serial Number 5QD502SH

12

that is in the custody of the Federal Bureau of Investigation in its Northern Virginia Resident Office, 9325 Discovery Boulevard, Manassas, Virginia 20109." The items to be seized included, but were not limited to, fruits, evidence, and instrumentalities of "child pornography and child erotica."

24.     On March 22, 2018, your affiant conducted a review of the IPHONE 7 FILES located on a Seagate Hard Drive Model ST3750640AS with serial Number 5QD502SH. During that review your affiant located the files previously identified as possible contraband child pornography.

25.     Additionally, your affiant located additional files that potentially met the criteria of child pornography. They are described as follows:

> (a)   Video #4: The video consists of a group of approximately eight male children between four (4) and eight (8) years of age dancing before seated adults. Four of the younger children are nude. The video is 30 seconds long with clapping and singing in a language other than English. The video centers on the naked gyrating buttocks of one nude boy while the gyrating genitalia of two other boys is seen beside him.

> (b)   Video #5: The video centers on the nude buttocks of a male child approximately two years old. The video is nine (9) seconds in length. The child is lying down on his chest. What appears to be a number pad and buttons are drawn in black ink on the child's buttocks. A voice speaks in a language other than English and a finger presses the numbers and buttons as if the child

13

were an Automated Teller Machine. The child spreads his legs and currency is removed from under the child's genitals.

(c) Video #6: The video centers on a male child approximately three (3) years old. The video is six (6) seconds in length. The child is seated, wearing a shirt but no pants. The child holds a pair of pliers pointed at his genitals. Voices are heard speaking in a language other than English. The child snaps the pliers closed on his own genitals and cries out in pain. The voices laugh.

(d) Video #7: The video centers on three boys between the ages of six (6) and eight (8) years of age standing naked on a stage. Music plays throughout the video. Individual children approach the boys, touching the genitals of each in turn before blessing themselves and walking away. The video is 30 seconds in length.

26.     In my training and experience, persons who have an interest in child pornography may use the same applications on multiple electronic devices to access such materials or to trade such materials. Such persons also often keep copies of illicit images on more than one electronic device. They also may use cloud storage to store illicit images, and the access may be controlled by one or more electronic devices.

## CONCLUSION

27.     Given the nature of the videos found in the IPHONE 7 FILES, the fact that these type of files were transported into the United States on at least the first of the three devices already searched by the government, the documented interest that George NADER has in child pornography, the fact that George NADER has a history of transportation of child pornography

14

into the country through surreptitious means, and my training and experience, I submit there is

probable cause to believe the SUBJECT FILES contain or constitute additional evidence, fruits,

instrumentalities, and/or contraband related to violations of 18 U.S.C. §§ 2252 and 2252A.  I

therefore request that the Court issue the proposed search warrant for data already seized by the

government.


Ted P. Delacourt
Special Agent
Federal Bureau of Investigation


Sworn and subscribed before me this _____ April, 2018.

_____/s/_____
Michael S. Nachmanoff
United States Magistrate Judge
HON. MICHAEL S. NACHMANOFF
UNITED STATES MAGISTRATE JUDGE

15